# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

          Plaintiff,

     v.

MICHAEL GLENN WHITMORE,

          Defendant.

Case No. 3:21-cr-00038-SLG-DMS

## **ORDER REGARDING PRETRIAL RELEASE**

    Before the Court at Docket 25 is defendant Michael Glenn Whitmore's Appeal from Magistrate Judge's Detention Order and Request for Immediate Release with Conditions. The government responded in opposition at Docket 28.

    On or around March 10, 2021, Mr. Whitmore was arrested on charges of possession and distribution of child pornography.[1] On March 25, 2021, the Honorable Magistrate Judge Matthew M. Scoble denied Mr. Whitmore's oral motion for conditional release.[2] Judge Scoble determined that there was a rebuttable presumption that no conditions would reasonably assure the appearance of Mr. Whitmore and community safety because there was probable cause to believe that Mr. Whitmore committed an offense involving a minor victim

---

[1] Docket 1; Docket 13.

[2] Docket 18; Docket 20.

pursuant to 18 U.S.C. § 2252A(a)(2), but that Mr. Whitmore had presented sufficient evidence to rebut that presumption.[3] However, Judge Scoble also determined that the government had proven by clear and convincing evidence that no conditions of release would reasonably assure the safety of any other person and the community.[4]

The matter is now before this Court pursuant to 18 U.S.C. § 3145. That statute provides that "[I]f a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order."[5] This Court's review of the detention determination is *de novo*.[6]

## I. Applicable law

The instant motion is governed by the Bail Reform Act. As relevant here, the Act creates a rebuttable presumption that no conditions of release will reasonable assure the appearance of the defendant and the safety of the community if the court finds probable cause to believe the defendant committed an offense involving a minor victim pursuant to 18 U.S.C. § 2252A(a)(2).[7] The Bail Reform Act directs courts to consider the nature and circumstances of the

---

[3] Docket 20 at 2.

[4] Docket 20 at 2; Docket 25-1 at 21.

[5] 18 U.S.C. § 3145(b).

[6] *United States v. Koenig*, 912 F.2d 1190, 1991–92 (9th Cir. 1990).

[7] 18 U.S.C. 3142(e).

Case No. 3:21-cr-00038-SLG-DMS, *United States v. Whitmore*
Order Re Pretrial Release
Page 2 of 7
Case 3:21-cr-00038-SLG-DMS   Document 33   Filed 04/26/21   Page 2 of 7

offense charged, the weight of the evidence, the history and characteristics of the defendant, and the nature and seriousness of the danger to the community or to an individual if the defendant is released.[8]

## II. The appearance of Mr. Whitmore

The Court finds that the government has not shown that Mr. Whitmore is a flight risk. It appears that he has resided in Alaska for his entire life.[9] He has no criminal history.[10] He was cooperative with law enforcement during the investigation of this case.[11] The government also does not contend that Mr. Whitmore is a flight risk.[12]

## III. The safety of any other person and the community

Mr. Whitmore asserts that the Probation Office's recommended release plan would adequately protect the safety of the public and individuals.[13] The proposed release plan contemplates Mr. Whitmore residing at a transitional living facility as "home" detention, wearing a GPS-monitor, having no access to minors, and having no access to the internet, among other conditions.[14] The government contends

---

[8] 18 U.S.C. § 3142(g).

[9] Docket 16 at 2 (under seal).

[10] Docket 16 at 3 (under seal).

[11] Docket 16 at 1 (under seal).

[12] *See generally* Docket 28; Docket 25-1 (transcript of arraignment where the government conceded that Mr. Whitmore did not present a flight risk).

[13] Docket 25 at 2, 4 (citing Docket 16).

[14] Docket 16 at 5–6.

Case No. 3:21-cr-00038-SLG-DMS, *United States v. Whitmore*
Order Re Pretrial Release
Page 3 of 7
Case 3:21-cr-00038-SLG-DMS   Document 33   Filed 04/26/21   Page 3 of 7

that this plan would not mitigate the risk Mr. Whitmore poses generally to the community and the risk he poses specifically to his half-sister.[15]

This case appears to involve more than a defendant who possessed child pornography or even re-posted or shared child pornography. Instead, Mr. Whitmore allegedly provided the link to the Facebook page of his 11-year old half-sister to a group of strangers, who could have been anywhere in the world. The Facebook page included the girl's photo and information that would identify her as living in Alaska. Mr. Whitmore allegedly asked the other chat members to fantasize about "what y'all would do to my little half sis."[16] Other group members responded by describing violent sexual acts and by indicating that they had visited the girl's Facebook page and learned other details about her.[17] Mr. Whitmore also allegedly told the group that he would like to have sex with the 11-year old.[18] Additionally, Mr. Whitmore allegedly posted a video that showed an infant being sexually and physically abused by an adult.[19]

Mr. Whitmore purportedly told the FBI that he used cell networks, as opposed to wireless internet, to access the chat group on his cell phone, and review of his phone showed that he participated in nearly 80 different child-

---

[15] Docket 28 at 9.

[16] Docket 32-1 at 5 (under seal); *accord* Docket 2 at 10–11.

[17] Docket 32-1 at 6, 9,

[18] Docket 2 at 11.

[19] Docket 2 at 11.

Case No. 3:21-cr-00038-SLG-DMS, *United States v. Whitmore*
Order Re Pretrial Release
Page 4 of 7
Case 3:21-cr-00038-SLG-DMS   Document 33   Filed 04/26/21   Page 4 of 7

pornography chat groups and had sent more than 99,000 messages in those groups.[20] Mr. Whitmore also purportedly told the FBI that he had very strong computer skills, likening himself to Bill Gates and Mark Zuckerberg, and that he was able to store child pornography on his cell phone in a manner that more easily allowed him to share it with other chat users.[21] Mr. Whitmore purportedly had approximately 1,200 images and videos of child pornography stored on his cell phone, and he purportedly stated that he shared child pornography with approximately 100 people.[22]

The Court finds by clear and convincing evidence that there are no release conditions that could reasonably assure the safety of the community and Mr. Whitmore's half-sister if he were released. As discussed above, the nature and circumstances of the offenses portray a defendant who went beyond possessing or distributing child pornography but also exposed—in a sexual and violent manner—an 11-year old family member to an unknown group of strangers. There is significant evidence against Mr. Whitmore, including cell phone forensics and his own admissions. The Court has reviewed the affidavit from FBI Agent Jolene Goeden filed in this case, which includes admissions by Mr. Whitmore that he would have done something sexual to his half-sister if given the opportunity and

---

[20] Docket 2 at 14–15

[21] Docket 2 at 14.

[22] Docket 2 at 14, 16.

Case No. 3:21-cr-00038-SLG-DMS, *United States v. Whitmore*
Order Re Pretrial Release
Page 5 of 7
Case 3:21-cr-00038-SLG-DMS   Document 33   Filed 04/26/21   Page 5 of 7

that he had shared the child pornography video of the infant.[23] The Court acknowledges that Mr. Whitmore's lack of criminal history weighs in favor of pretrial release, although he allegedly admitted that he has been viewing child pornography for approximately 10 years and has taken steps to conceal these activities.[24] And the nature and seriousness of the danger to the community and particularly to his half-sister if released are significant.

Mr. Whitmore's proposal to serve "home" detention at a transitional living facility, wear a GPS bracelet, have no access to minors, and have no access to the internet[25] does not adequately address the Court's safety concerns, even assuming *arguendo* that the proposal is sufficient to rebut the presumption of detention. The Court and pretrial services would have no control over the other residents of the facility or what technology they brought into the facility (e.g., personal cell phones or laptop computers). Even if there is no wireless internet at the halfway house, Mr. Whitmore allegedly used cellular network data to view and share child pornography. He has allegedly been viewing child pornography for approximately ten years, including while living at home with his grandmother, and taking active steps to conceal doing so. There is also no evidence in the record as to the security level or "house arrest" protocol at the proposed halfway house.[26]

---

[23] Docket 2 at 13–14 (under seal).

[24] Docket 2 at 14.

[25] Docket 16 at 5–6.

[26] The government has asked the Court to note the half-mile proximity of the transitional living

Case No. 3:21-cr-00038-SLG-DMS, *United States v. Whitmore*
Order Re Pretrial Release
Page 6 of 7
Case 3:21-cr-00038-SLG-DMS   Document 33   Filed 04/26/21   Page 6 of 7

There is also no evidence in the record of why type of treatment or therapy Mr. Whitmore could access if he was living at the transitional living facility, although he alleged stated that he has a sexual attraction to young children, would have engaged in sexual conduct with his young half-sister if he the opportunity, and recognized that his use of child pornography is a problem for him.  Thus, it is not clear that if released pending trial the defendant would not again access child pornography.

## CONCLUSION

Having reviewed the magistrate judge's determination *de novo*, this Court concludes that the evidence is clear and convincing that there are no release conditions that could reasonably assure the safety of the community and Mr. Whitmore's half-sister if he were released.    Accordingly, IT IS ORDERED that the motion at Docket 25 is DENIED, and the magistrate judge's detention order at Docket 20 remains in full force and effect.

DATED this 26th day of April, 2020, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

facility to schools, playgrounds, and a museum.  Docket 28 at 6, n.1.  The Court does not afford much weight to the location of the halfway house because the government has not provided any exhibits to support its assertion.

Case No. 3:21-cr-00038-SLG-DMS, *United States v. Whitmore*
Order Re Pretrial Release
Page 7 of 7
Case 3:21-cr-00038-SLG-DMS   Document 33   Filed 04/26/21   Page 7 of 7