# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL GLENN WHITMORE,<br><br>　　　　　Defendant. | Case No. 3:21-cr-00038-SLG-MMS |

## ORDER REGARDING MOTION TO SUPPRESS

Before the Court at Docket 48 is defendant Michael Glenn Whitmore's Motion to Suppress Statements Obtained in Violation of *Miranda v. Arizona*. The government responded in opposition at Docket 61. Neither party requested oral argument or an evidentiary hearing, and neither is necessary for the Court's determination of the motion.

In March 2021, during a warranted search of his home, Mr. Whitmore was questioned by FBI Special Agent Marissa Taggart and Anchorage Police Officer Leonard Torres while sitting in a law-enforcement vehicle parked outside of his home.[1] The agents appear to have inadvertently failed to record the initial portion of the questioning of Mr. Whitmore, and there is no recording of the agents reading

---

[1] Docket 48 at 2; Docket 61 at 2.

Mr. Whitmore his *Miranda* rights.[2] Mr. Whitmore asserts that his "statements made during the custodial interrogation should be suppressed unless the government can establish that Mr. Whitmore was adequately advised under *Miranda* and that he knowingly and intelligently waived his rights."[3]

The government does not contest that Mr. Whitmore was subject to custodial interrogation or that the agents were required to advise him of his rights pursuant to *Miranda v. Arizona*.[4] Instead, the government responds that even though it was not captured on the recording, TFO Torres "read Defendant his *Miranda* rights from the [Anchorage Police Department] issued Miranda Warning card. The language of the APD Miranda Warning card comports with *Miranda* and was free of defects."[5] The government has filed a declaration of TFO Torres attesting to these facts.[6] The government also responds that Mr. Whitmore knowingly and intelligently

---

[2] Docket 48 at 2.

[3] Docket 48 at 1. Although a waiver of *Miranda* rights must be made voluntarily, knowingly, and intelligently, Mr. Whitmore does not assert that his *Miranda* waiver was not voluntary, and thus the government does not address the voluntariness factor in its response. Docket 61 at 5, n.1. *See also Miranda v. Arizona*, 384 U.S. 436, 444 (1966) (setting forth standard for waiver).

[4] Docket 61 at 3.

[5] Docket 61 at 4.

[6] Docket 60 (Decl. of Leonard Torres).

Case No. 3:21-cr-00038-SLG-MMS, *United States v. Whitmore*
Order Re Motion to Suppress
Page 2 of 8
Case 3:21-cr-00038-SLG-MMS   Document 62   Filed 12/20/21   Page 2 of 8

waived his *Miranda* rights, as demonstrated by Mr. Whitmore's statements to the agents and the fact that he is a "sophisticated individual."[7]

## I. Legal standard

Pursuant to *Miranda v. Arizona*, the government may not introduce a defendant's statements made during a custodial interrogation unless "[p]rior to any questioning, the person [was] warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed."[8] When a defendant asserts that he did not receive adequate *Miranda* warnings, the government bears the burden of proving that adequate warnings were given.[9] "In order for the warning to be valid, the combination or the wording of its warnings cannot be affirmatively misleading. The warning must be clear and not susceptible to equivocation."[10]

The government also bears the burden of proving the validly of a defendant's waiver of *Miranda* rights by a preponderance of the evidence.[11] "To satisfy this burden, the prosecution must introduce evidence to establish that under the

---

[7] Docket 61 at 6–7 (citing transcript of interview at Docket 49-1).

[8] 384 U.S. at 444.

[9] *United States v. San Juan-Cruz*, 314 F.3d 384, 388 (9th Cir. 2002).

[10] *Id.* at 387 (citing *United States v. Connell*, 869 F.2d 1349, 1352 (9th Cir. 1989)).

[11] *Colorado v. Connelly*, 479 U.S. 157, 168–69 (1986).

Case No. 3:21-cr-00038-SLG-MMS, *United States v. Whitmore*
Order Re Motion to Suppress
Page 3 of 8
Case 3:21-cr-00038-SLG-MMS   Document 62   Filed 12/20/21   Page 3 of 8

'totality of the circumstances,' the defendant was aware of 'the nature of the right being abandoned and the consequences of the decision to abandon it.'"[12] "The government's burden to make such a showing 'is great,' and the court will 'indulge every reasonable presumption against waiver of fundamental constitutional rights.'"[13]

## II. Analysis

Mr. Whitmore's motion relies entirely on the fact that the government has the burden of proving both the adequacy of the given *Miranda* warnings and a valid waiver of his *Miranda* rights and that the warnings and waiver were not recorded in this case. However, Mr. Whitmore has submitted no evidence to dispute the adequacy of the *Miranda* warnings or the validity of his waiver of rights. In contrast, the government has presented unrefuted evidence regarding the *Miranda* warnings given and Mr. Whitmore's subsequent waiver.

### A. The *Miranda* warnings were adequate.

The government filed a declaration of Officer Torres in which he declares that he read Mr. Whitmore *Miranda* warnings "directly from the APD issued Miranda Warning card, in its entirety."[14] The APD Miranda Warning card

---

[12] *United States v. Garibay*, 143 F.3d 534, 536–37 (9th Cir. 1998) (quoting *Moran v. Burbine*, 475 U.S. 412, 421 (1986)).

[13] *Id.* (quoting *United States v. Heldt*, 745 F.2d 1275, 1277 (9th Cir. 1984)).

[14] Docket 60 at 2.

Case No. 3:21-cr-00038-SLG-MMS, *United States v. Whitmore*
Order Re Motion to Suppress
Page 4 of 8
Case 3:21-cr-00038-SLG-MMS   Document 62   Filed 12/20/21   Page 4 of 8

accurately advises a suspect of his *Miranda* rights and is not misleading or confusing.[15] A report by Agent Taggart indicates that "[a]fter being advised of the identity of the interviewing Agents and the nature of the interview, FBI TFO Torres read Whitmore his Miranda Rights. Whitmore waived his rights and provided the following information."[16] The record before the Court demonstrates that the *Miranda* warnings given to Mr. Whitmore were adequate.

### B. Mr. Whitmore's waiver of his rights was valid.

The Ninth Circuit has held that a "recitation of the rights . . . accompanied by the officer's confirming that [the defendant] understood his rights, is sufficient to establish that [the defendant] knew his rights."[17] Officer Torres declared that after reading Mr. Whitmore *Miranda* warnings, he "read the waiver questions on the APD Miranda Card to him in its entirety."[18] The waiver reads: "Do you understand each of these rights I have explained to you? Having these rights in mind, do you wish to talk to us now?"[19] Officer Torres declared that "Michael Whitmore verbally

---

[15] *Compare* Docket 61-1 (copy of APD Miranda Warning card) with the requirements set forth in *Miranda*, 384 U.S. at 444. *Cf. United States v. Noti*, 731 F.2d 610, 614 (9th Cir. 1984) (Supreme Court does not require verbatim recitation of *Miranda* warnings as long as they are not misleading).

[16] Docket 48-2 at 1.

[17] *United States v. Cazares*, 121 F.3d 1241, 1244 (9th Cir. 1997).

[18] Docket 60 at 3.

[19] Docket 61-1 (copy of APD Miranda Warning card).

Case No. 3:21-cr-00038-SLG-MMS, *United States v. Whitmore*
Order Re Motion to Suppress
Page 5 of 8
Case 3:21-cr-00038-SLG-MMS   Document 62   Filed 12/20/21   Page 5 of 8

stated that he understood his rights and that he was willing to speak with us."[20]  A *Miranda* "waiver need not be audio-recorded to be valid."[21]  The defense has not contradicted Officer Torres' declaration, and the Court finds that Mr. Whitmore made a valid, express waiver of his rights prior to the start of the audio recording.

The audio recording, although incomplete, does not undermine the conclusion that Mr. Whitmore validly waived his rights.  Officer Torres declared that "[o]nce the recorder was operational, I confirmed with Michael Whitmore that I indeed read him his Miranda rights.  I confirmed that he indeed stated he was willing to talk to the agents and that he understood his rights."[22]  The recording of the questioning begins with Officer Torres—having realized that the *Miranda* warnings and waiver were not recorded—"summarizing" to Mr. Whitmore "what [they] had just talked about."[23]  Officer Torres stated that "I read you your Miranda rights, and you stated that you were willing to talk and you understood them."[24]  As Officer Torres says this to Mr. Whitmore, Mr. Whitmore says "mm-hmm" and "yeah"

---

[20] Docket 60 at 3.

[21] *United States v. Torres-Nieves*, 367 F. Supp. 3d 1235, 1244 (D. Or. 2019) (citing *United States v. Cazarez*, 121 F.3d 1241, 1244 (9th Cir. 1997).

[22] Docket 60 at 3.

[23] Def. Exh. 1 at 00:04 (audio); Docket 49-1 at 2 (transcript of audio) (under seal).

[24] Def. Exh. 1 at 00:10–00:18; Docket 49-1 at 2 (transcript of audio).

Case No. 3:21-cr-00038-SLG-MMS, *United States v. Whitmore*
Order Re Motion to Suppress
Page 6 of 8
Case 3:21-cr-00038-SLG-MMS   Document 62   Filed 12/20/21   Page 6 of 8

in a manner demonstrating that he was confirming Officer Torres' recollection of what happened prior to the recording.[25]

Moreover, the Supreme Court has held that a *Miranda* waiver can be implied, and that "[a]s a general proposition, the law can presume that an individual who, with a full understanding of his or her rights, acts in a manner inconsistent with their exercise has made a deliberate choice to relinquish the protection those rights afford."[26] Officer Torres' declaration and the recording demonstrate that Mr. Whitmore understood his rights, knew he was being recorded, and yet proceeded to give a lengthy, detailed, and incriminating statement to two law enforcement officers. Even without an express waiver, the Court would find that Mr. Whitmore impliedly waived his *Miranda* rights because he "may impliedly waive the rights by answering an officer's questions after receiving *Miranda* warnings."[27]

The Court finds by a preponderance of the evidence that Mr. Whitmore was adequately advised of his Fifth Amendment rights prior to custodial interrogation and that the totality of the circumstances demonstrates that Mr. Whitmore's waiver, whether express or implied, was made voluntarily, knowingly, and intelligently—

---

[25] Docket Exh. 1 at 00:10–00:18; Docket 49-1 at 2 (transcript of audio).

[26] *Berghuis v. Thomkins*, 560 U.S. 370, 385 (2010).

[27] *United States v. Rodriguez*, 518 F.3d 1072, 1080 (9th Cir. 2008) (quoting *United States v. Rodriguez–Preciado*, 399 F.3d 1118, 1127, *amended*, 416 F.3d 939 (9th Cir. 2005)). *See also North Carolina v. Butler*, 441 U.S. 369, 369–73 (1979) (valid waiver of *Miranda* rights can be inferred "from the actions and words of the person interrogated.").

Case No. 3:21-cr-00038-SLG-MMS, *United States v. Whitmore*
Order Re Motion to Suppress
Page 7 of 8
Case 3:21-cr-00038-SLG-MMS   Document 62   Filed 12/20/21   Page 7 of 8

Mr. Whitmore was aware of those rights and the consequences of waiving them, and thus his waiver was valid.

## CONCLUSION

In light of the foregoing, IT IS ORDERED that the motion to suppress at Docket 48 is DENIED.

DATED this 20th day of December, 2021, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:21-cr-00038-SLG-MMS, *United States v. Whitmore*
Order Re Motion to Suppress
Page 8 of 8
Case 3:21-cr-00038-SLG-MMS   Document 62   Filed 12/20/21   Page 8 of 8